**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

v.                                                     CRIMINAL ACTION NO. 2:18-cr-00245

COURTNEY EDWARD DALTON,

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Courtney Edward Dalton's pro se Motion

for Compassionate Release. [ECF No. 62]. For the reasons that follow, the motion is

**DENIED without prejudice**.

## I.     Background

On November 26, 2018, Mr. Dalton pled guilty to possession with intent to

distribute a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1), as

alleged in Count One of an Information and possession of a firearm in furtherance of

drug trafficking in violation of 18 U.S.C. 924(c)(1)(A), as alleged in Count Two of an

Information. [ECF No. 32]. On July 31, 2019, I sentenced Mr. Dalton to 24 months in

prison on Count One and 60 months in prison on Count Two, to be served

consecutively for a total of 84 months in prison. [ECF No. 48]. I further sentenced

him to a term of 5 years of supervised release to follow his term of imprisonment. *Id.*

Mr. Dalton is currently serving his sentence at the Federal Prison Camp Ashland

("FPC Ashland") in Kentucky. *See* [ECF No. 62]. On June 12, 2020, Mr. Dalton

petitioned this court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [ECF No. 42].

## II.   Discussion

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Dalton's sentence under compassionate release, I must find that Mr. Dalton has exhausted his administrative remedies or waited 30 days from petitioning the Warden at FPC Ashland, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that his release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018).

### a)  Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But

before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment…." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Mr. Dalton has not requested relief from the Warden. To his Motion, Mr. Dalton includes a request to the Warden of FPC Ashland for his compassionate release made by his mother, Darlene Dingess-Adkins, on his behalf. Mr. Dalton's mother is not his attorney and may not represent his legal interests. Her request therefore does not satisfy the requirements of § 3582(c)(1)(A). Mr. Dalton must make a request for release on behalf of *himself* to the Warden at FPC Ashland. I may only review the merits of Mr. Dalton's motion after he has made such request and the 30 day wait period has passed *or* he has fully exhaustive all administrative remedies. Defendant's Motion, [ECF No. 62], is **DENIED without prejudice**.

### III.   Conclusion

For the foregoing reasons, Mr. Dalton's petition for compassionate release, [ECF No. 62], is **DENIED WITHOUT PREJUDICE**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     June 29, 2020

3

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4