IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:18-cr-00245

COURTNEY EDWARD DALTON,

MEMORANDUM OPINION AND ORDER

Pending before the court is Courtney Edward Dalton's Motion for Compassionate Release. [ECF No. 73]. For the reasons stated herein, Mr. Dalton's motion is **DENIED**.

I.  Background

On July 31, 2019, I sentenced Mr. Dalton to an 84-month term of imprisonment followed by 5 years of supervised release after he pleaded guilty to Possession with Intent to Distribute a Quantity of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A). [ECF Nos. 48, 49].

Mr. Dalton is currently imprisoned at FCI Ashland in Ashland, Kentucky. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/index.jsp (first name "Courtney," last name "Dalton") (last visited Jan. 13, 2023). His projected

release date is July 23, 2025. *Id.* FCI Ashland is "[a] low security federal correctional institution with an adjacent minimum security satellite camp." *FCI Ashland*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/ash/ (last visited Jan. 13, 2023). There are 1,350 total inmates at FCI Ashland, with 1,190 of those inmates housed at the correctional institution and 160 at the adjacent camp. *Id.*

On December 30, 2022, Mr. Dalton filed his Motion for Compassionate Release. [ECF No. 73]. This is Mr. Dalton's fourth compassionate release motion. *See* [ECF Nos. 62, 64, 69, 73]. On June 29, 2020, I denied Mr. Dalton's first motion for failure to exhaust administrative remedies. [ECF No. 63]. I denied his second motion on November 9, 2020, and third motion on February 17, 2021, for failing to demonstrate "extraordinary and compelling reasons" justifying his release. [ECF Nos. 68, 71].

In his fourth motion, Mr. Dalton requests that the court order the Federal "Bureau of Prisons [("BOP")] [to] immediately release him from custody" and "place[] [him] on home confinement with conditions." [ECF No. 73, at 1]. Mr. Dalton argues that his motion should be granted because he "suffers from Hepatitis C," has "had his spleen surgically removed," and "was a long-term cigarette smoker," all of which are conditions that "place [him] at a greater risk of suffering serious illness or death should he contract COVID-19." [ECF No. 74, at 4–5]. Mr. Dalton also asserts that the "court should find that extraordinary and compelling reasons exist[] to justify [his] release" because "the BOP was unable to control the spread of the virus at [FCI Ashland]" when he filed his previous motions for compassionate release. *Id.* at 5. In

support of his assertion, Mr. Dalton cites to three cases in which I granted compassionate release to three FCI Ashland inmates "during the same time period" in which Mr. Dalton's motions "were denied." *Id.* at 6–8.

## II. Discussion

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). To grant an inmate's motion for compassionate release under section 3582(c)(1)(A)(i), the court must: (1) find that "extraordinary and compelling reasons" warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. *Id.* § 3582(c)(1)(A). When analyzing "extraordinary and compelling reasons," "[t]he district court enjoy[s] broad discretion." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). The Fourth Circuit has determined that district courts may take an individualized approach regarding whether "extraordinary and compelling reasons" are established. *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). Therefore, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

I have joined other courts in holding that I cannot find that "extraordinary and compelling reasons" exist to grant release because of COVID-19 unless the inmate has a medical condition that heightens his risk of developing a serious illness from COVID-19 *and* his prison conditions are such that the BOP cannot effectively prevent

3

the spread of COVID-19. *See United States v. Boston*, No. 2:19-cr-00162, 2021 WL 77466, at *2 (S.D.W. Va. Jan. 7, 2021). In deciding which medical conditions result in an inmate being at higher risk for COVID-19, I will defer to the CDC's list of medical conditions causing an increased risk of severe illness from the virus. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 6, 2022).

The COVID-19 pandemic is an ongoing and evolving public health crisis. Over the past three years, however, the nation's understanding of the complexities of the virus has vastly improved. When analyzing a defendant's motion for compassionate release, the court must consider current information regarding the number of new COVID-19 cases, the risks of the virus, and the medical treatments available to protect against severe illness from the virus. As new information becomes available, circumstances previously considered "extraordinary and compelling" might not be cause for concern today.

### 1. Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

Before a criminal defendant can request compassionate release from the court, the defendant must first ask the BOP to do so on his or her behalf and then wait thirty days. 18 U.S.C. § 3582(c)(1)(A). Upon such a motion from the BOP or from a defendant (after the BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment." *Id.*; *see also McCoy*, 981 F.3d at 283.

Mr. Dalton attached to his motion a request to the warden for compassionate release, made on October 12, 2022. [ECF No. 74-1]. Thirty days have passed since Mr. Dalton petitioned the warden. Therefore, I find that Mr. Dalton has exhausted his administrative remedies. I now turn to whether Mr. Dalton has alleged "extraordinary and compelling reasons" that justify compassionate release.

### 2. Extraordinary and Compelling Reasons

Mr. Dalton alleges that "extraordinary and compelling reasons" exist to grant him compassionate release due to COVID-19 because he "suffers from Hepatitis C," has "had his spleen surgically removed," and "was a long-term cigarette smoker" prior to his incarceration. [ECF No. 74, at 4–5]. As for the conditions at FCI Ashland, Mr. Dalton does not allege there has been a recent COVID-19 outbreak. Instead, he argues that his motion should be granted because I granted "motions for compassionate release filed by other inmates at [FCI Ashland] during the same period [that] [I] considered [and denied] two of Mr. Dalton's earlier requests." *Id.* at 6. Mr. Dalton cites *United States v. Henderson*, 2:99-cr-00214-1, 2020 WL 7264461 (S.D.W. Va. Dec. 10, 2020), *United States v. Johnson*, 2:17-cr-00109-1, 2021 WL 149858 (S.D.W. Va. Jan. 15, 2021), and *United States v. Clark*, 2:17-cr-00062-2, 2022 WL 17169621 (S.D.W. Va. Nov. 22, 2022) in support of his argument. *Id.* at 6–8.

I have previously discussed Mr. Dalton's alleged health conditions and found that I did not need to determine whether these conditions put him at a higher risk for serious complications from COVID-19 because no "extraordinary and compelling

5

reasons" existed to justify his release. [ECF No. 68, at 8–9; ECF No. 71, at 5]. For the following reasons, I find the same here today.

Mark Earl Henderson filed a motion for compassionate release on October 15, 2020, which I granted on December 10, 2020. See *Henderson*, 2020 WL 7264461. At the time of Mr. Henderson's filing, FCI Ashland reported zero cases of COVID-19 among inmates; however, by the time I ruled on Mr. Henderson's motion, the number of COVID-19 cases among FCI Ashland inmates had skyrocketed to more than 100 cases, and the institution reported its first inmate death. *Id.* at *4; *Facility-Level BOP COVID-19 Trends*, Dep't of Just. Off. of the Inspector Gen., https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/page_2 (select "FCI Ashland") (last visited Jan. 18, 2023).

On December 21, 2020, Jeremiah Joe Johnson filed his motion for compassionate release, which I granted on January 15, 2021. See *Johnson*, 2021 WL 149858. At the time of Mr. Johnson's filing, FCI Ashland had recently experienced an outbreak of COVID-19, and thirty-two inmates and twenty-four staff at FCI Ashland were still infected with the virus. *Facility-Level BOP COVID-19 Trends*, supra. However, when I ruled on Mr. Johnson's motion, "the situation [at FCI Ashland] ha[d] improved . . . with only three inmates and [ten] staff [testing] positive" for COVID-19. *Johnson*, 2021 WL 149858, at *2. I nevertheless found that "the totality of the circumstances" demonstrated "that [the] BOP [could not] effectively control the

6

spread of COVID-19 at FCI Ashland," and I granted Mr. Johnson's motion. *Id.* at *3–4.

Carl Clark filed his motion for compassionate release on December 10, 2020, after Mr. Henderson but before Mr. Johnson. I denied Mr. Clark's motion on January 27, 2021. *United States v. Clark*, 2:17-cr-00062-2, 2021 WL 277815 (S.D.W. Va. Jan. 27, 2021). Mr. Clark filed a subsequent motion for compassionate release on March 28, 2022. Like Mr. Dalton, Mr. Clark argued that his motion should be granted because other FCI Ashland inmates—Mr. Henderson and Mr. Johnson—were granted compassionate release within the same time frame in which his motion was denied. *Clark*, 2022 WL 17169621, at *1. After considering "the unique circumstances in th[e] case," I granted Mr. Clark's motion on November 22, 2022. *Id.* at *1–5, *2 n.2. At the time Mr. Clark filed his December 2020 motion for compassionate release, FCI Ashland was amid a major COVID-19 outbreak, with 148 inmates and twenty-four staff testing positive for the virus. *Facility-Level BOP COVID-19 Trends*, supra. By the time I ruled on the motion, however, the available COVID-19 metrics showed "only [three] active cases of COVID-19 at [FCI] Ashland." *Clark*, 2021 WL 277815, at *3. Thus, as compared to *Johnson* in particular, Mr. Clark's motion was filed at a time when the number of active inmate cases was higher at FCI Ashland, and the motion was ruled on at a time when the number of active COVID-19 cases was the same. I found "the disparity in treatment . . . constitute[d] an 'extraordinary and compelling'

7

reason to warrant an immediate reduction of Mr. Clark's sentence to time served." *Clark*, 2022 WL 17169621, at *3.

I do not find a similar disparity in Mr. Dalton's case. At the time Mr. Dalton filed his September 2, 2020 motion, FCI Ashland reported zero active cases of COVID-19 among inmates and staff. *Facility-Level BOP COVID-19 Trends*, supra. When I denied the motion on November 9, 2020, only one inmate and one staff member at FCI Ashland were infected by the virus. *Id.*; [ECF No. 68, at 9]. Mr. Dalton filed another motion for compassionate release on January 28, 2021. [ECF No. 69]. At the time, there were zero reported cases of COVID-19 among FCI Ashland inmates and only three cases among staff. *Facility-Level BOP COVID-19 Trends*, supra. When I ruled on the motion on February 17, 2021, the number of COVID-19 cases among inmates had not changed, while the number of active cases among staff slightly increased to six. *Id.*; [ECF No. 71, at 5]. Considering the circumstances, Mr. Dalton is not similarly situated to the above-named defendants. At no point from the time Mr. Dalton filed his motions to the time I ruled on them were the conditions at FCI Ashland "extraordinary and compelling."

No disparity in treatment exists between Mr. Dalton and the three defendants. Unlike the three cited cases, I cannot find that the conditions at FCI Ashland rose to the level of "extraordinary and compelling" at the time when Mr. Dalton filed his two previous motions, during the time the motions were pending, or at the time I ruled on them. Moreover, the current COVID-19 conditions at FCI Ashland remain stable.

*Facility-Level BOP COVID-19 Trends*, supra (showing no more than one active inmate case at FCI Ashland on any given date since October 20, 2022). Mr. Dalton's motion is therefore **DENIED**.

III. Conclusion

For the foregoing reasons, Mr. Dalton's Motion for Compassionate Release [ECF No. 73] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 19, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

9